## DAVID UMBARGER, Respondent, v. PEDRO CHABOYA, Appellant.

### No. 2691; November 21, 1872.

**Ejectment.—A Confirmation of Title by Decree of the United States** court could have no effect to change the boundaries of a tract of land to the detriment of one, not a party to the proceeding, owning land adjacent to that as to which the decree was made.

**Deed.—A Description in Part "Bounded on the East by the Lands or ranchos of,"** etc., written in a deed, means the lands or

ranchos mentioned as they were understood by the parties to the deed at the time the latter was made.

APPEAL from Third Judicial District, Santa Clara County.

Thomas Bodley and Wm. Matthews for respondent; S. O. Houghton for appellant.

See Umbarger v. Chaboya, ante, p. 699; 49 Cal. 525.

By the COURT.—The true location of the eastern line of the land conveyed by the deed of December, 1850, from Pedro Chaboya to Jones and Eldridge was very important, as upon its location depended the question as to whether the defendants were in the occupation of the land conveyed by that deed.

The eastern line is, of course, that particular line which the parties to that deed had in mind when it was executed and delivered—"bounded on the east by the lands or ranchos of the Higueras and Antonio Chebello," as written in the deed, means, of course, those lands and ranchos as they were understood by the parties to exist in December, 1850, at the making of the deed.

The location of the western line of the Antonio Chaboya ranch subsequently made by the United States government, changing the western line of that ranch and throwing it some two miles and upward farther to the west, if such be the fact, could not operate to change the location of that line, as it was understood to exist in December, 1850, in such a sense as to alter or affect the descriptive calls and boundaries in the deed to Jones and Eldridge. If it could, then the deed to Jones, which was made with reference to objects and lines, as understood to exist in 1850, might be utterly changed and destroyed by the subsequent running of lines under the authority of the United States in confirming the title to the neighboring tract of Antonio Chaboya, in which tract Pedro Chaboya and Jones, who were parties to the deed of 1850, asserted no interest whatever.

The confirmation of the title of Antonio Chaboya to the rancho Yerba Buena cannot, of course, be called in question, nor his title, as confirmed, assailed in this action, and in hold-

ing, as we do, that the question of the location of the western line of that ranch, as it was understood to be in 1850, may be inquired into for the purposes of this action as fully as though the title of Antonio Chaboya had never been confirmed by the United States authorities at all, we do not depart from the established rule that the legal effect of the confirmation and patent of the Yerba Buena Rancho, subsequently obtained, operated to fix the Coyote creek as its true western boundary line.

We are of opinion, therefore, that the defendants should have been permitted to show by proof, if they could, what was considered to be the western line of the Rancho Yerba Buena in December, 1850, and in that connection to show that the diseño of Antonio Chaboya and the other papers connected therewith (and which were relied upon by the plaintiff to fix the Coyote creek as the western line of the Yerba Buena Ranch), were mere forgeries.

Judgment and order denying a new trial reversed and cause remanded for a new trial.